CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
JUL 0 1 2008
JOHN F. CORCORAN, CLERK
BY: /s/ K Butson
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 5:08cr00015 |
| v. ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| JILL B. CLATTERBUCK, ) | |
| ) | By: Hon. James G. Welsh |
| Defendant ) | U.S. Magistrate Judge |
| ) | |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and with the express consent of the defendant and her counsel, an initial appearance, waiver of indictment, and plea hearing were conducted before the undersigned on June 27, 2008. The defendant was at all times present in person and with her counsel, John S. Hart, Jr. The United States was represented by Jeb T. Terrien, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g).

Upon motion by counsel, the United States proposed to file, with the defendant's express consent, a two-count criminal Information charging in Count One that between on or about February 1, 2004 and January 31, 2006 the defendant, then a bank officer, embezzled the sum of approximately $336,571.66 from First National Bank, a banking institution whose deposits were insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, § 656, and charging in Count Two that between November 19, 2004 and March 7, 2005, the defendant knowingly, willfully, and for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a), caused the filing of a currency transaction report by First National Bank that contained a

material omission or misstatement of fact, in violation of Title 31, United States Code, §§ 5313 and 5324(a)(2) and in violation of Title 231, Code of Federal Regulations, § 103.11.

After the defendant was placed under oath, she stated that she understood her obligation to testify truthfully in all respects under penalty of perjury, and she understood the government's right in a prosecution for perjury or false statement, to use against her any statement that she gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified that her name is Jill Blosser Clatterbuck, that she is forty-nine (49) years of age, that she completed high school and has at least one additional year of schooling, that she can read, write and understand the English language, that she has no medical condition, either physical or mental, which might interfere with her ability to understand and participate fully in the proceeding, that she was using no medication or drugs which might impair her ability to understand and participate in the proceeding, and that her mind was clear. The defendant's attorney then stated that he had no reservations about his client's competency either to waive grand jury indictment or to plead guilty to the charges contained in Counts One and Two of the Information.

### A. DEFENDANT'S RESPONSES TO RULE 7 INQUIRY

After the two charges in the indictment had been explained to the defendant, she testified that she understood each charge was a felony, that Count One in essence charged her with embezzling a significant amount of money from a federally insured bank, and that Count Two charged her with

causing the filing of a materially false currency transaction report. *See* Rules 7(b) and 7(c)(1). She testified that she had discussed the two charges set forth in the Information with her attorney, and that she had previously received a copy and had read it. She stated that she knew and understood that she had an absolute constitutional right to be charged with the offense pursuant to a grand jury indictment. *See* Rule 7(b).

She stated that she understood a grand jury might not find probable cause to believe she had committed the offenses, that a grand jury might not return an indictment against her on either or both charges, and that her waiver of indictment would mean that the charges in the Information would proceed as though she had been indicted. *Id.* Upon further questioning, the defendant confirmed that no threats or promises had been made to induce her to waive grand jury indictment and that her decision to proceed on the charged offenses by Information was fully voluntary.

The defendant's counsel then confirmed that he had discussed with his client the issues related to a waiver of indictment on the offense charged in the Information, that his client fully understood her right to indictment by grand jury, and that the decision of the defendant to waive indictment on the charge was fully voluntary on her part.

After acknowledging her signature on the written Waiver of Indictment, it was received, filed and made a part of the record. The Information, which formally charged the defendant with the two offenses set forth above was also filed and made a part of the record. In connection therewith, it was

3

noted for the record that the defendant's waiver of indictment was knowing and voluntarily made and that its acceptance would be recommended.

### B. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

As previously reported herein, the defendant had been placed under oath, addressed in open court, gave testimony confirming her identity and competency, confirmed her receipt of a copy of the Information and understanding of the charges, and gave notice that she fully discussed all the charges with her attorney.

The defendant testified that she understood that each of the charges against her was a felony offense. *See* Rule 11(b)(1)(G). She testified that she had been given adequate time to discuss each of the charges with her attorney, that she had been given adequate time to consider and to prepare any defenses she might have to the charges, and that she was fully satisfied with the services of her attorney. In addition, she stated that it was her intention and desire to enter pleas of guilty to both of the offenses charged in the Information.

The attorney for the government informed the court that the defendant's proposed pleas were to be made pursuant to a written plea agreement. He then outlined the plea agreement's principle substantive terms, including: the two charges to be contained in the Information and the defendant's agreement to plead guilty to those charges (¶ 1); the full payment of restitution, including interest on the loss, by a family member on the defendant's behalf (¶ 9); the defendant's waiver of her right to

4

a jury determination of any sentencing guideline issues (¶ 3); the applicable guideline section and base offense level applicable to the bank embezzlement offense (¶ 4); the applicable guideline section and base offense level applicable to the false currency report offense (¶ 5); the acceptance of responsibility provision (¶ 6); the defendant;'s obligation to pay a mandatory special assessment of $200.00 (¶ 7); the terms of the government's agreement to permit the defendant to self-report to begin service of any sentence (¶ 8); the defendant's stipulated agreement to be barred from participating in any manner in any activity defined in 12 U.S.C.§§ 1813(u) and 1818(e)(7)(D), and in owning or controlling, directly or indirectly, any insured depository institution, as defined in 12 U.S.C. § 1813(c); the terms of the defendant's obligation to provide financial information (¶ 10); the agreement's evidence proffer (¶ 11) and substantial assistance provisions (¶ 12), the terms of the defendant's waiver of her right to appeal her sentence (¶ 13) and waiver of her right to attack collaterally either her conviction or sentence (¶ 14); and the substance of the agreement's other terms and conditions (¶¶ 2, 15-16, and 18-22).

Counsel for the defendant and the defendant then separately confirmed their understanding of this plea agreement to be the same as that set forth by the government's attorney. The defendant then testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce her to enter into the plea arrangement or to enter a plea of guilty for any offense. In addition, she stated that no one had attempted in any way to force her to plead guilty. The plea agreement was then received, filed, made a part of the record, and the undersigned noted for the record that the written Plea Agreement constituted the best statement of its terms and as such it "speaks for itself."

5

The defendant further testified that she knew that her pleas, if accepted, would result in her being adjudged guilty of two felony offenses and that such adjudication may deprive her of valuable civil rights such as: the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm. In addition, she expressly acknowledged that she was proposing to enter pleas of guilty to the bank embezzlement offense charged in Count One of the Information and to the false currency offense charged in Count Two of the Information.

After the attorney for the government stated the maximum possible penalty provided by law for the offenses charged in Counts One and Two of the Information, the defendant expressly acknowledged that she understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Information to be confinement in a federal penitentiary for thirty (30) years and a $1,000,000.00 fine, and that she understood the maximum possible penalty provided by law for conviction of the felony set forth in Count Two of the Information to be confinement in a federal penitentiary for five (5) years and a $250,000.00 fine. *See* Rule 11(b)(1)(H).

The defendant was informed, and she expressly acknowledged, that the court's determination of her sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements;

the need to avoid unwanted sentence disparities; and any need to provide for restitution. She acknowledged that she understood the court may order her to make full restitution to any victim and may require her to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K). She also acknowledged that in the event the government was seeking forfeiture of property, it could seek forfeiture of substitute assets. Additionally, she understood that she was waiving her rights to a jury determination of forfeitability and to appeal any issues of proportionality. *See Libretti v. United States*, 516 U.S. 29 (1995) and *Austin v. United States*, 509 U.S. 602 (1993). In addition, she stated that she knew that she would be required to pay a mandatory Two Hundred Dollar ($200.00) special assessment. *See* Rule 11(b)(1)(L).

The defendant testified that she and her attorney had talked about how the Sentencing Commission Guidelines might apply to her case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance with applicable court decisions. *See* Rule 11(b)(1)(M); *United States v. Booker*, 543 U.S. 220 (2005). In addition, she acknowledged that she understood the court would not be able to determine the recommended guideline sentence range for her case until after the presentence report had been completed and after she and the government both had an opportunity to challenge the facts reported by the probation officer. Furthermore, the defendant acknowledged and agreed that irrespective of any sentence imposed by the court, she would have absolutely no right to withdraw her pleas of guilty.

7

She was informed and acknowledged that parole had been abolished and that she would not be released on parole.

Each of defendant's procedural rights surrendered on a plea of guilty were also explained, including: her right to plead not guilty to the offenses charged against her; her attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; her right at trial to see, to hear, to confront and to have cross-examined all adverse witnesses; her right to be protected from compelled self-incrimination; her right to testify and to present evidence in her defense; her right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in her defense; her presumption of innocence; the obligation of the government to prove her guilt beyond a reasonable doubt; the right on her part to decline to testify unless she voluntarily elected to do so in her own defense; and her right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that she understood her right to plead not guilty and the attendant rights that she would waive upon entry of guilty pleas to Counts One and Two. *See* Rule 11(b)(1)(F).

The defendant then stated under oath that she was pleading guilty because she was in fact guilty of the crimes charged Counts One and Two of the Information. In response to further questioning to ensure that her proposed pleas were voluntary, the defendant again stated that (other than the promises expressly set forth in the written plea agreement) her decision to plead guilty did not result from any force, threats, or promises of any kind (*See* Rule 11(b)(2)), that her decision to

8

plead guilty was in fact fully voluntary on her part, and that it was being made with the advice and assistance of counsel.

To permit the court to determine that an independent factual basis existed for the defendant's guilty pleas, counsel for the government submitted a written statement summarizing the principal facts the government was prepared to prove at trial. After confirming that this written statement had been fully reviewed with the defendant, both the defendant and her attorney agreed that it fairly summarized the government's evidence. The written proffer of evidence was received, filed, and made a part of the record.

After consulting with her attorney and informing the court that she was prepared to be arraigned on the charges set forth in the Information, that she waived her right to a reading of the charges against her, and after being individually asked how she pleaded to each of the charges, the defendant entered a plea of GUILTY to Count One of the Information alleging her violation of Title 18, United States Code, § 656, and a plea of GUILTY TO Count Two of the Information alleging her violation of Title 31, United States Code, § 5324(a)(2).

After entering her pleas as aforesaid, after an independent basis for the pleas was established, and after being informed that the undersigned would recommend acceptance of her aforesaid pleas, the defendant reiterated that her pleas of guilty were fully voluntary and that she was fully satisfied with the advice, assistance and services of her attorney.

9

Without objection, the defendant was then admitted to bail upon terms and conditions pending completion of the presentence report and sentencing; the date to be set by the scheduling clerk for the presiding district judge.

## C. GOVERNMENT'S EVIDENCE

The Government submitted for filing in open court a written statement of facts. After ascertaining that the defendant was fully aware of its contents and that she and her attorney agreed to its accuracy, it was received and filed without objection as government exhibit 1. It is incorporated and made a part hereof by reference.

## D. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the Rule 7 and Rule 11 hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent, aware of her rights, and capable of waiving grand jury presentment and agreeing to the filing of the two count Information charging her with a violations of 18 U.S.C. § 656 and 31 U.S.C. § 5324(a)(2);

2. The defendant is fully competent and capable of entering informed pleas;

3. The defendant is fully aware of the nature of the charges set forth in Counts One and Two of the Information;

4. The defendant is fully aware of the consequences of her pleas of guilty to Counts One and Two of the Information;

5. The defendant is fully informed, and she understands, the enumerated items set forth in Rule 11(b)(1)(A)–(N);

6. Before entering her guilty pleas, the defendant and the government reached a plea agreement which was reduced to writing;

7. The defendant's entry into the plea agreement was made with the advice and assistance of counsel;

8. The defendant's tender of pleas of guilty to Counts One and Two of the Information was made with the advice and assistance of counsel;

9. The defendant's entry of a plea of guilty to Count One of the Information was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

10. The defendant's entry of a plea of guilty to Count Two of the Information was made with knowledge and an understanding both of the nature of the offense and the full range of punishment which might be imposed;

11. The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other those contained in the limited plea agreement;

12. The written plea agreement complies with the requirements of Rule 11(c)(1)(A); and

13. The evidence presents an independent basis in fact supporting each essential element of both offenses to which the defendant entered pleas of guilty.

### E. RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to Counts One and Two of the Information; that the defendant be ADJUDGED GUILTY of both said offenses, and that a sentencing hearing be scheduled before the presiding district judge.

### F. NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C). Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: this 30th day of June 2008.

s/ James G. Welsh
United States Magistrate Judge